FILED
SUPERIOR COURT
OF GUAM

2019 JUN 18 AM 9: 24

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0234-19 |
| vs. | DECISION AND ORDER |
| MIKE THARRY aka Tharry Mike, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 17, 2019, for hearing on Defendant Mike Tharry aka Tharry Mike's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Matthew Phelps was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on June 17, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On April 29, 2019, Defendant was indicted with the following charges: (1) Terrorizing (As a Third Degree Felony); (2) Family Violence (As a Third Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (3) Family Violence (As a Misdemeanor); and Assault (As a Misdemeanor). (Indictment, Apr. 29,

*People v. Tharry*
Case No. CF0234-19
Decision and Order

2019). These charges stem from allegations that during an early morning argument between Defendant and his girlfriend, Ms. Rista Simion, Defendant brandished a knife and stated "what, you want me to hurt you" and punched her neck and her arm. (Decl. of Brendlynn O. Joseph, Magistrate's Compl., Apr. 19, 2019). When Ms. Simion tried to call the police, Defendant yelled at her saying "if you don't give me the keys and hang up the phone, I will hurt you." *Id.* Ms. Simion stated that she was afraid for her life so she ran into the house but Defendant chased after her and grabbed her hair, causing her to stop running. *Id.*

On June 14, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $2,000 cash bail. *See* Commitment Order, Apr. 19, 2019. No written opposition was filed, but the Government orally opposed the Motion on June 17, 2019.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the two thousand dollar ($2,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Jun. 14, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
    (i)    length of his/her residence on Guam;
    (ii)    his/her employment status and history, and financial condition;
    (iii)    his/her family ties and relationships;
    (iv)    his/her reputation, character and mental and physical condition;

> (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
>
> (vi) his/her history relating to drug or alcohol abuse;
>
> (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;
>
> (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and
>
> (ix) his/her history of compliance with other court orders;
>
> (3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and
>
> (4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

> (a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;
>
> (b) placement of restrictions on the activities, movements, associations and residence of the person;
>
> (c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;
>
> (d) release of the person during working hours, but with the condition that he return to custody at specific times; or
>
> (e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized

*People v. Tharry*
Case No. CF0234-19
Decision and Order

interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a thirty-two year old Chuukese man from Dededo Village, and has three minor children. *See* Mot. Bail Redetermination at 2, Jun. 14, 2019.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community. Defendant is charged with two third degree felony offenses, one with an attached special allegation of possession or use of a deadly weapon in the commission of a felony, and two misdemeanor offenses. Defendant is accused of threatening the alleged victim with a knife and punching her neck and her arm. *See* Decl. of Brendlynn O. Joseph, Magistrate's Compl., Apr. 19, 2019. Defendant is also accused of chasing after the alleged victim after she tried to call the police. *Id.* Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future, or from release should Defendant post the $2,000 cash bond.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. The parties are to return for Further Proceedings on July 9, 2019 at 9:00 a.m.

IT IS SO ORDERED, *nunc pro tunc* to June 17, 2019, this ___June 19, 2019___.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

*AG & PDSC*

Date *6-18-19* Time *9:30am*

Deputy Clerk, Superior Court of Guam

*People v. Tharry*
Case No. CF0234-19
Decision and Order